|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | DISTRICT OF NEVADA | |
|   | * * * | |

MONROE JONES,

                Plaintiff,

    v.

JOHN KEAST,

                Defendant.

Case No. 3:16-cv-00170-MMD-WGC

ORDER

Plaintiff initiated this action *pro se* based on events that transpired while he was in custody with the Nevada Department of Corrections ("NDOC") pursuant to 42 U.S.C. § 1983. On September 26, 2017, the Court issued a screening order permitting Plaintiff to proceed on his claims, although the Court deferred ruling on Plaintiff's *in forma pauperis* application ("IFP Application") pending the parties' mediation. (ECF No. 3.) On January 5, 2017, after the mediation was unsuccessful, the Court granted Plaintiff's IPF Application and permitted the case to proceed. (ECF No. 20.) Plaintiff filed a notice of his change of address on January 11, 2017 shortly, before he was released from NDOC custody. (ECF No. 21.) On March 10, 2017, mail sent to Plaintiff, including the Scheduling Order, was returned to the Court as undeliverable. (ECF No. 26.) Additional documents were subsequently sent that were also returned as undeliverable. (ECF Nos. 29, 33.) To date, Plaintiff has not filed a notice of change of his mailing address as required under LR IA 3-1. Defendant has moved for dismissal based on Plaintiff's failure to comply with the Court's local rules. (ECF No. 30.) Plaintiff has failed to oppose.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Moreover, LR IA 3-1 warns a party that his failure

to immediately file written notice of any change of mailing address may result in dismissal of the action. Plaintiff is obviously aware of his obligation to notify the Court of any change in his mailing address as evidenced by the notice that he did file shortly before he was scheduled to be released. (ECF No. 21.)

For these reasons, the Court finds that dismissal of the action is warranted. Defendant's unopposed motion to dismiss (EBE No. 30) is granted. This action is dismissed with prejudice. The Clerk is instructed to close this case.

DATED THIS 27th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE